UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANDRE SMILEY,
    Plaintiff,

vs.

LOUIS FARRAKAHN
    Defendant.

Case No. 1:14-cv-181

Dlott, C.J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

Plaintiff brings this *pro se* action against Louis Farrakhan. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Upon careful review, the undersigned finds that this action should be dismissed for frivolousness.

28 U.S.C. § 1915 provides that a district court may authorize the commencement of a civil action without prepayment of fees provided the applicant submits an affidavit demonstrating that he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Under 28 U.S.C. § 1915(e)(2), the Court has the responsibility to screen all actions filed by plaintiffs including non-prisoners seeking *in forma pauperis* status and to dismiss any action or portion thereof which is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir.1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199, 127 S.Ct. 910, 166

L.Ed.2d 798 (2007); *Johnson v. City of Wakefield,* 2012 WL 2337343 *1 (6th Cir. June 20, 2012); *Johns v. Maxey,* 2008 WL 4442467 *1 (E.D.Tenn. Sept.25, 2008) (Greer, J.).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Here, Plaintiff's proposed complaint does not contain complete sentences and/or any rational statements. The complaint does not include any claim of relief, nor state the

2

basis of this action.[1] (Doc 1 at 2-4). In light of the foregoing, the undersigned finds that Plaintiff's complaint is not based on any factual or legal basis and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, for these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** as frivolous. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                     *s/ Stephanie K. Bowman*
                                     Stephanie K. Bowman
                                     United States Magistrate Judge

---

[1] Plaintiff also failed to sign the Complaint as required under Rule 11 of the Federal Rules of Civil Procedure. In light of the legal and factual deficiencies outlined above, it would be futile to Order Plaintiff to provide the Court with a signed Complaint.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

ANDRE SMILEY,　　　　　　　　　　　　　Case No. 1:14-cv-181
　　　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　　Dlott, C.J.
　vs.　　　　　　　　　　　　　　　　　　Bowman, M.J.

LOUIS FARRAKAHN
　　　　Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).